UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN ALFRED THOMAS,   Case No. 1:05cv506
   Plaintiff

vs

REGINALD WILKINSON, et al.,   **ORDER**
   Defendants   (Dlott, J.)


      Plaintiff, an inmate at the Warren Correctional Institution (WCI), brings this prisoner civil rights action under 42 U.S.C. § 1983. This matter is before the Court for a sua sponte review of the complaint to determine: (1) whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief, *see* 28 U.S.C. § 1915A(b); and (2) whether plaintiff has exhausted his administrative remedies under 42 U.S.C. § 1997e as amended by the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, § 803(d), 42 U.S.C. § 1997e(a).

      A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

      Congress has also authorized the dismissal of complaints which fail to state a claim upon

which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b)(1-2).  A complaint fails to state a claim for relief "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff brings this action against Reginald Wilkinson, the Director of the Ohio Department of Rehabilitation and Correction, WCI Warden Jackson, WCI Deputy Warden Harris, WCI Major Mockabee, John Doe First Shift Supervisor on January 12, 2005, WCI Lt. O'Neil, WCI Sgt. Keesler, and WCI Correctional Officer Lawson.  Plaintiff alleges that on January 12, 2005, he was maliciously and wantonly assaulted by Sgt. Keesler and Correctional Officer Lawson while he was restrained in handcuffs.  Plaintiff alleges that as a result of the assault he sustained cuts to his forehead requiring seven sutures and now suffers from persistent headaches.  He further alleges that the remaining defendants are liable in this action "under the doctrine of respondeat superior." (Doc. 1 at 2).  He seeks monetary and injunctive relief.

Plaintiff's claims against defendants Wilkinson, Jackson, Harris, Mockabee, Doe and O'Neil must be dismissed because liability under § 1983 cannot be premised on the doctrine of respondeat superior. *Monell v. Department of Social Services,* 436 U.S. 658 (1978).  A supervisor cannot be held liable unless there is evidence he directly participated in or encouraged the specific incident of misconduct. *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir, 1994); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.), *cert. denied,* 469 U.S. 845 (1984).  "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421; *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir.), *cert.*

*denied,* 459 U.S. 833 (1982). "[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), citing *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998), *cert. denied*, 119 S.Ct. 1763 (1999). The fact that a supervisor denied an administrative grievance and failed to remedy allegedly unconstitutional behavior is insufficient to support a claim under §1983. *Shehee,* 199 F.3d at 300. *See also Bellamy*, 729 F.2d at 421. Because plaintiff seeks to hold these defendants liable under the doctrine of respondeat superior, his claims against defendants Wilkinson, Jackson, Harris, Mockabee, Doe and O'Neil must be dismissed with prejudice.

This action must be dismissed against defendants Keesler and Lawson because plaintiff has failed to show he exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a) as amended by the Prison Litigation Reform Act (PLRA). Under 42 U.S.C. § 1997e, a prisoner confined in any jail, prison or other correctional facility may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 or any other federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies to claims of excessive force. *Porter v. Nussle,* 534 U.S. 516 (2000); *Freeman v. Francis*, 196 F.3d 641 (6th Cir. 1999). Prisoners who file lawsuits in this Court challenging the conditions of their confinement pursuant to 42 U.S.C. § 1983 "must allege and show that they have exhausted all available state administrative remedies." *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Inmates must "plead claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint. . . ." *Knuckles v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert.*

*denied*, 531 U.S. 1040 (2000). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id*.  Federal courts should not prematurely adjudicate the merits of a prisoner's claims until the exhaustion requirement has been satisfied. *Brown,* 139 F.3d at 1104.   Where a complaint contains both exhausted and unexhausted claims, the district courts must dismiss the complaint in its entirety. *Jones Bey v. Johnson*, 407 F.3d 801, 806 (6th Cir. 2005). The case should be dismissed without prejudice where the record fails to disclose that the prisoner has complied with the exhaustion requirement. *Brown,* 139 F.3d at 1104.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for inmates housed in Ohio prisons for grievances against all personnel other than the Warden or Inspector of Institutional Services.  First, an inmate initiates the grievance procedure by filing an informal complaint with the prison official whose area of responsibility is most related to the grievance. Ohio Admin. Code § 5120-9-31(J)(1).  If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. Ohio Admin. Code § 5120-9-31(J)(2).  If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector of the Ohio Department of Rehabilitation and Correction. Ohio Admin. Code § 5120-9-31(J)(3).  The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance.  For all complaints regarding the Warden or Inspector of Institutional Services, the inmate must file a grievance directly to the office of the Chief Inspector, and the Chief Inspector's decision is final. Ohio Admin. Code § 5120-9-31(L).

In the instant case, plaintiff alleges he wrote to Warden Jackson, Deputy Warden Harris,

and Major Mockabee who responded that a use of force committee had been appointed. He states that although he was interviewed by the use of force committee, he was unable to gain access to the conclusions of the committee's investigation. He also alleges that he was interviewed by the State Highway Patrol, but has heard nothing further. Finally, he alleges "Director Wilkinson and Warden Jackson denied [his] appeals in this matter." (Doc. 1 at 3).

Plaintiff fails to meet his burden of demonstrating he exhausted his administrative remedies. In order to effectuate the language contained in § 1997e(a), plaintiff must plead his claims with specificity and show such claims have been exhausted by attaching a copy of the applicable dispositions to the complaint, or in the absence of any documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles-El*, 215 F.3d at 642. Plaintiff has not attached to his complaint copies of any informal complaints, grievances, appeals, or administrative decisions showing he exhausted the prison grievance procedure. *Id*. Nor do the complaint's allegations show plaintiff exhausted the inmate grievance procedure. An internal investigation by an institution's use of force committee or an investigation by the State Highway Patrol will not substitute for exhaustion through the prison's administrative grievance procedure under Ohio Admin. Code § 5120-9-31. *See Curry v. Scott*, 249 F.3d 493, 504-05 (6th Cir. 2001); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). Because plaintiff has failed to show he exhausted his administrative remedies prior to bringing this lawsuit, his complaint against defendants Keesler and Lawson must be dismissed without prejudice.

Plaintiff is notified that he is not permitted to amend the instant complaint to allege and show exhaustion. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). Plaintiff's only option at this point is to file a new complaint against defendants to plead and show exhaustion. *Id*. In the

5

event plaintiff chooses to file a new complaint after he exhausts his administrative remedies, he should attach to his complaint copies of any grievances, appeals, or administrative decisions showing he exhausted the grievance procedure on his claims.

Accordingly, it is hereby **ORDERED** that plaintiff's complaint is **DISMISSED with prejudice** as to defendants Wilkinson, Jackson, Harris, Mockabee, Doe and O'Neil and **DISMISSED without prejudice** to refiling after plaintiff has shown he has exhausted the available prison administrative remedy set forth in Ohio Admin. Code § 5120-9-31 as to defendants Keesler and Lawson.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

 S/Susan J. Dlott
Susan J. Dlott
United States District Judge